**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50429 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00102-SVW |
| v. | |
| MALCOLM KING NELSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted August 15, 2018[**]

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Malcolm King Nelson appeals from the district court's judgment revoking

his supervised release and challenges the 11-month sentence imposed upon

revocation.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Nelson contends that the district court erred by basing the sentence primarily

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

on the severity of his supervised release violations, including his two arrests for driving under the influence of alcohol. Because Nelson did not raise this objection in the district court, we review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). Even if the district court plainly erred by primarily focusing on the seriousness of Nelson's new criminal conduct, *see* 18 U.S.C. § 3583(e); *United States v. Simtob*, 485 F.3d 1058, 1063-64 (9th Cir. 2007), Nelson has not demonstrated a reasonable probability that he would have received a different sentence absent the error. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008). Given the court's expressed concern about Nelson's eight violations of the terms of his supervised release and the need to protect the public from the danger posed by Nelson's conduct, a permissible sentencing consideration, we conclude that the district court would have imposed the same sentence absent any consideration of the 18 U.S.C. § 3553(a)(2)(A) sentencing factors.

**AFFIRMED.**